THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. OSGOOD, EXECUTOR, AND ELIZA V. OSGOOD, EXECUTRIX OF GEORGE A. OSGOOD, DECEASED, v. THE COMMISSIONERS OF TAXES AND ASSESSMENTS FOR THE CITY AND COUNTY OF NEW YORK.

*Assessment for personal property — right to have debts deducted therefrom — claims presented to and contested by an executor cannot be deducted.*

The relators having been assessed, as executors of one Osgood, for the sum of $650,000 for the year 1884, applied, in February, 1884, to the commissioners of taxes to have the assessment canceled. An affidavit was submitted by them stating that in December, 1883, a decree had been made upon an accounting had before the surrogate, and that prior to December thirty-first the entire estate of the deceased had been paid over to the persons entitled to receive it, with the exception of the sum of $484,268.61, which remained deposited in trust companies and banks, under a provision of the decree which directed "that the residue of the said estate remain in the hands of the said executor and executrix, subject to the further order of this court, reserved for the payment of disputed and other claims and the further expenses of administration." The affidavit also stated that the debts presented against the estate exceeded the said sum, but that the said debts rested upon contested claims.

*Held,* that as no admitted debts were proved, the commissioners properly refused to make any deduction from the amount of the assessment on account of the contested claims. (BRADY, J., dissenting.)

CERTIORARI to review the decision of the commissioners of taxes and assessments, imposing an assessment for personal property upon the relators. A statement of the facts will be found in the following opinion of BRADY, J.

*John M. Bowers,* for the relators.

*Albert L. Cole,* for the respondents.

PEOPLE ex rel. OSGOOD v. COM'RS OF TAXES.     507

First Department, January Term, 1885.

Brady, J. :

The relators were originally assessed for the year 1884 in the sum of $650,000 for personal estate held by them as executors, etc., of George A. Osgood, deceased. In February, 1884, they made application to the respondents for a correction of the assessment and demanded that the same should be canceled.

In support of the application an affidavit was submitted in which it was stated that in December, 1883, they had accounted to the surrogate of this county and that a decree had been made upon such accounting, and that prior to the 31st of December, 1883, in accordance with a decree of the surrogate, the entire estate of the deceased was paid over to the persons entitled to it with the exception of the sum of $484,268.61, which remained deposited in trust companies and banks, in accordance with a provision of the decree mentioned, as follows: "It is further adjudged that the residue of the said estate remain in the hands of the said executor and executrix subject to the further order of this court, reserved for the payment of disputed and other claims and the further expenses of administration."

It was also stated in the affidavit that the debts presented against the estate exceeded the said sum, which debts, however, rested upon claims contested. The statute provides for the assessment made in this proceeding, but declares that the just debts due from the executor, in his representative character, shall be deducted from the personal property. (2 R. S. [7th ed.], 989, 991.) If the relators desired to avail themselves of the right to have the just debts deducted from the amount of the personal property subject to taxation, it was their duty undoubtedly to have presented facts which would have justified such deduction. (*People ex rel. Western R. R. Co.* v. *Assessors 'of Albany*, 40 N. Y., 160.)

It is contended on behalf of the respondents that the affidavit submitted to the tax commissioners does not meet the requirement; in other words it does not show that the just debts exceed the amount of the property in their possession, or indeed what is the amount of the just debts if any exist. It simply states that the debts have been presented against the estate. No liability for any of the claims presented is admitted or asserted. Although this view is technically correct, yet it does not commend itself to the consideration of the court. The sum mentioned in the decree of

508· PEOPLE ex rel. OSGOOD v. COM'RS OF TAXES.

FIRST DEPARTMENT, JANUARY TERM, 1885.

the surrogate is one which is wholly in *custodia legis*, subject to the further order of the court. It is not, therefore, any longer under the immediate control of the executors, and whether it would be necessarily appropriated to the payment of claims established against the estate does not appear and cannot be made known until after the requisite investigation of their validity and that of each of them shall have been made and the result declared. The statute should have a reasonable construction. If the sum reserved by the surrogate (and which we must assume to have been reserved upon proper evidence warranting such reservation) is due to the creditors of the estate, then the taxes were improperly imposed. If not, then they were properly imposed upon the whole amount if it shall remain intact, or on such an amount of it as may exist after the payment of the debts.

It is thought, therefore, that the commissioners should review their taxation and place it upon the whole sum mentioned, in case it shall not be diminished by the payment of just debts out of it, and upon such sum as may remain after the payment of existing debts by due process of law, if any be so ascertained to exist.

DANIELS, J.:

No debts whatever were proven by the affidavit or otherwise to exist against the fund, reserved only to meet the contingency of asserted but contested claims being established as debts. In the end the fund may not be reduced to the extent of a single dollar by either of these claims. No probability that either will be established as a liability against the estate has been shown. Until that has been done it cannot be held that any just debts remain to be deducted.

As the facts appeared the assessment seems to have been in accordance with what the statute has required, and it should be affirmed.

DAVIS, P. J.:

I concur with my brother DANIELS. The title of the reserved fund remains in the executors. It is clearly subject to assessment and taxation unless the statutes of the State exempt it. The "just debts" which the relators owe in their representative capacity may be deducted; but disputed and contested claims are not just debts

within the meaning of the law. It must be assumed that they are properly contested, and it cannot of course be presumed from any facts shown in these papers that they will be established and recovered.

The legislature has made no provision for such a contingency. It does not come within any of the exemptions of the statute. And in that condition of things there seems to me to be no doubt that the fund is assessable and taxable.

The order, I think, should be affirmed.

Order affirmed.